IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES HIGHTOWER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| GOHEALTH, LLC, | ) ) ) |
| Defendant. | ) ) ) |

# COMPLAINT

Plaintiff, JAMES HIGHTOWER, by and through his undersigned attorneys, as its Complaint ("Complaint") against Defendant, GOHEALTH, LLC, complains as follows:

## I. PARTIES

1. Plaintiff, JAMES HIGHTOWER ("Hightower"), is an Illinois resident.

2. Defendant, GOHEALTH, LLC ("GoHealth"), is a corporation organized and existing under the laws of the State Delaware, with its principal place of business located at 214 W. Huron Street, Chicago, Illinois.

## II. JURISDICTION AND VENUE

3. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the transactions out of which these causes of action arose occurred, in part, in this District.

### III. CLAIMS

### ALLEGATIONS COMMON TO ALL COUNTS

5. On September 16, 2013, Hightower began his employment with GoHealth as a Benefits Advisor working in GoHealth's Chicago Sales Center.

6. On August 27, 2014, Hightower applied for FMLA leave in order to care for his ailing mother who suffered from colon/pancreatic cancer and was undergoing chemotherapy.

7. On August 26, 2014, oncologist, Dr. Ann Mellott, submitted a letter to Defendant GoHealth regarding Hightower's mother's medical care and indicating that Hightower was caring for his mother by transporting her to chemotherapy once per week.

8. On or about September 1, 2014, GoHealth, through its then Director of Human Resources, Stan Waclaw, approved Hightower's request for FMLA leave.

9. Between September 2014 and January 2015, as approved by Stan Waclaw, Hightower did not work one day per week in order to care for his dying mother. Beginning on or about January 2015, as his mother's health began to deteriorate, Hightower did not work multiple days per week in order to provide additional care to his mother.

10. On or about January 2015, GoHealth retained a new Director of Human Resources, George Carlson.

11. On March 30, 2015 GoHealth terminated Hightower's employment.

12. GoHealth speciously cited a performance review dated over a year earlier as the supposed basis for the termination.

13. Any claims of poor performance are pretextual because Hightower was in fact terminated as retaliation for taking FMLA leave.

14. Hightower was treated differently than other similarly situated employees who did not take any FMLA leave.

15. Upon information and belief, GoHealth intended for Hightower's termination to have a chilling effect on other employees who would otherwise seek protections afforded by the FMLA.

## COUNT I
### (Retaliation- Family Medical Leave Act ("FMLA") 29 U.S.C. 2601, *et seq.*.)

16. Plaintiff repeats and realleges Paragraphs 1 through 15 of the Complaint as Paragraph 16 of Count I of the Complaint as though fully set forth herein.

17. Hightower worked for GoHealth for more than one year.

18. GoHealth was an "employer" covered by the FMLA.

19. Hightower was an eligible "employee" covered by the FMLA.

20. Hightower took approved FMLA to care for his dying mother.

21. GoHealth cited a performance review dated over a year earlier as the basis for the termination. In fact, any claims of poor performance are pretextual, and Hightower was terminated as retaliation for taking FMLA leave.

22. As a direct and proximate result of GoHealth's unlawful actions against Hightower in violation of the FMLA as set forth above, Hightower has suffered, and will continue to suffer, monetary and emotional damages.

WHEREFORE, Plaintiff, JAMES HIGHTOWER, respectfully requests that the Court enter judgment against Defendant, GOHEALTH, LLC, in his favor; award him compensatory damages in an amount in excess of $75,000, front pay, back pay, liquidated damages, costs, and attorneys' fees; and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

## COUNT II
### (Retaliatory Discharge)

23. Plaintiff repeats and realleges Paragraphs 1 through 15 of the Complaint as Paragraph 23 of Count II of the Verified Complaint as though fully set forth herein.

24. At all relevant times herein, there was the FMLA and public policy that prohibited GoHealth from terminating Hightower from taking leave to attend to his dying mother.

25. As a result of this Illinois public policy, Defendant GoHealth, an Illinois employer, was legally prohibited from discharging Plaintiff as a result of, or in retaliation for, taking FMLA leave.

26. Notwithstanding said public policy, and in flagrant disregard for Plaintiff's rights, Defendants willfully and abruptly discharged Plaintiff from his employment at GoHealth as a result of, and in direct retaliation for, his legally protected leave, as fully alleged above.

WHEREFORE, Plaintiff, JAMES HIGHTOWER, respectfully requests that the Court enter judgment against Defendant, GOHEALTH, LLC, in his favor; award him compensatory damages, damages for emotional distress, and punitive damages in an amount in excess of $75,000 and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

Respectfully submitted,
**JAMES HIGHTOWER,**
Plaintiff

By: ____/s/_Alexander N. Loftus____
One of His Attorneys

.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Ste. 500
Chicago, Illinois 60654
Telephone: (312) 870-5430
E-mail: alex@voelkerlitigationgroup.com

4

Dated: June 24, 2016